UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT JOSEPH GIARDINA, | : |
| Plaintiff, | : |
| vs. | : No. 3:10cv1511(SRU)(WIG) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| | : |
| Defendant. | |

-------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. #25]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined that remand of this case is necessary for further development of the record and that a new decision is needed.  Upon remand, the Appeals Council will remand the case to an ALJ who will (1) reassess the medical source opinions in accordance with 20 C.F.R. §§ 404.1527, 416.927, and SSR 96-2p and SSR 96-5p; (2) reassess the severity

and functional effects of the Plaintiff's mental impairments; (3) reassess the Plaintiff's Residual Functional Capacity consistent with SSR 96-8p and provide rationale with specific references to evidence of record in support of the assessed limitations; and (4) reevaluate the Plaintiff's credibility and subjective copmlaints in accordance witih 20 C.F.R. §§ 404.1529 and 416.929 and SSR 9607p.  In compliance with the above, the ALJ will offer the Plaintiff the opportunity for a hearing de novo and will take any further action needed to complete the administrative record and will then issue a new decision.

  Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment and Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. # 25].  Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. # 19] is GRANTED to the extent set forth in this Order.

  The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

  This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  <u>See</u> Fed. R. Civ. P. 73(b).

  It is SO ORDERED, this   23rd   day of November, 2011, at Bridgeport, Connecticut.

                /s/ *William I. Garfinkel*
              WILLIAM I. GARFINKEL
              United States Magistrate Judge